OPINION
Defendant-appellant, Raymond S. Hatfield, appeals a decision of the Clermont County Court of Common Pleas adjudicating him a sexual predator. We affirm.
R.C. 2950.09 contains the procedures for classifying as a sexual predator an offender convicted and sentenced for a sexually oriented offense. The classification procedure which applies to appellant is found in R.C. 2950.09(C)(1) and provides that an offender who was convicted of or pled guilty to a sexually oriented offense prior to January 1, 1997, was sentenced before January 1, 1997, and was serving a term of imprisonment on or after January 1, 1997, may be adjudicated as a sexual predator.
In November 1993, appellant pled guilty to three counts of gross sexual imposition and was sentenced to consecutive prison terms of two years on each count. While appellant was incarcerated, the Ohio Department of Rehabilitation and Correction recommended that he be classified as a sexual predator pursuant to R.C. 2950.09(C)(1). On December 9, 1997, the trial court conducted a sexual predator hearing pursuant to R.C.2950.09(B) and determined that appellant was a sexual predator.
Appellant's two assignments of error claim that R.C. Chapter 2950, as applied through R.C. 2950.09, is an impermissible ex post facto law in violation of Section 10, Article I of the United States Constitution and violates the prohibition against retroactive laws embodied in Section 28, Article II of the Ohio Constitution.
In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court addressed the constitutionality of the sexual sexual predator statute. This court held that R.C. 2950.09
was constitutional and that the sexual predator law is not punitive and therefore did not violate the Ex Post Facto Clause. Id. at 22. Furthermore, this court held that the various provisions in the law were remedial, not substantive, and therefore did not violate the Ohio constitutional prohibition against retroactive legislation. Id. at 26.
Appellant questions our interpretation of certain cases cited in Lyttle and requests that we re-evaluate that decision. We find no reason to reconsider our decision. Accordingly, on the authority of Lyttle, the trial court did not err in denying appellant's motion challenging the constitutionality of R.C.2950.09. Appellant's assignments of error are therefore overruled.
Appellant also requests that we certify the issue to the Supreme Court of Ohio. This court notes that other appellate courts have rendered conflicting judgments on the issue of the constitutionality of the application of R.C. 2950.09 to conduct prior to the effective date of the statute. As we did in Lyttle, the First and Ninth Districts have rejected both retroactivity and ex post facto challenges. See, e.g., State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported; State v. Kimble (Feb. 4, 1998) Lorain App. No. 97-CA-006730, unreported. In contrast, the Third and Sixth Districts have found that the Act violates the retroactivity provisions in Section 28, Article II, of the Ohio Constitution. See, e.g., State v. Cook (Aug 7, 1997), Allen App. No. 1-97-21, unreported, discretionary appeal allowed (Dec. 10, 1997),80 Ohio St.3d 1470; State v. Gonyer (June 26, 1998), Wood App. No. 97-062, unreported. Therefore, this court certifies the record of the instant case to the Supreme Court of Ohio for review and final determination on the issue of the constitutionality of the application of R.C. 2950.09(C)(1) to conduct prior to the effective date of the statute.
Judgment affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.